UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID OPPENHEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-1451 (ABJ) |
| ) | |
| WL MAGAZINE GROUP, LLC ) | |
| *doing business as* ) | |
| WASHINGTON LIFE MAGAZINE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff David Oppenheimer has filed this lawsuit against defendant WL Magazine Group, LLC d/b/a/ Washington Life Magazine ("WL Magazine") alleging copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.*, and seeking removal or alteration of the copyrighted information pursuant to 17 U.S.C. §§ 1202(a)(1) and (b)(1). Compl. [Dkt. # 1] ¶¶ 3, 22.

Defendant WL Magazine moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims are barred by the relevant statute of limitations. *See* Def.'s Mot. to Dismiss [Dkt. # 6] ("Mot."); *see also* Mem. of P. & A. in Support of Mot. ("Mem.") at 2, citing 17 U.S.C. § 507. Plaintiff opposes the motion. Pl.'s Opp. to Mot. [Dkt. # 8] ("Opp."). Because the complaint supports an inference that it was timely, the motion will be denied.

1

## BACKGROUND

Plaintiff is a travel, live concert, and aerial photographer with "twenty-one years [of] experience in the field of commercial photography." Compl. ¶ 1. On March 17, 2013, he took the photograph of a musical performance he identified as "Bonnaroo2013_Fri_2_XQD_OPP5764" ("Copyrighted Photograph"). *Id*. ¶ 7. On June 19, 2013, plaintiff registered the Copyrighted Photograph with the United States Copyright Office, and later, he posted it to a website, which can be accessed at the following link: www.performanceimpressions.com/Paul_McCartney_Bonnaroo /content/Paul_McCartney_opp5764_large.html. *Id*. ¶¶ 8–9. According to the complaint, the posted version contained embedded metadata "including a copyright notice and language warning against" unlicensed use. *Id*. ¶ 10.

Defendant WL Magazine owns and operates a commercial website "www.washingtonlife.com." Compl. ¶ 2. Plaintiff alleges that, on or about July 14, 2014, defendant copied, uploaded, then posted Copyrighted Photograph, including the copyright notice, to its commercial website without plaintiff's knowledge or consent. *Id*. ¶¶ 11, 15. Defendant "copied and posted Copyrighted Photograph" to two URLs: www.washingtonlife.com/2013/07/16/music-notes-meeting-on-the-long-winding-road/ and www.washingtonlife.com/2014/07/14/music-notes-newport-jazz. *Id*. ¶¶ 12–13. Plaintiff alleges that before defendant posted the Copyrighted Photograph to its website, it "cropped out [p]laintiff's . . . name and copyright notice." *Id*. ¶ 14.

On June 2, 2017, plaintiff performed a Google Images reverse search for the Copyrighted Photograph, and he states that through that process, he discovered defendant's unauthorized use of the Copyrighted Photograph for the first time. Decl. of David Oppenheimer [Dkt. # 8-1] ¶¶ 7–8. On June 1, 2020, plaintiff commenced this action.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*. at 678–79, citing *Twombly*, 550 U.S. at 555–56.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678, citing *Twombly*, 550 U.S. at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*., quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*., citing *Twombly*, 550 U.S. at 555.

In evaluating a 12(b)(6) motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In ruling upon a motion

to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

Defendant moved to dismiss the complaint, arguing that it is time barred.  But "[t]he statute of limitations is an affirmative defense that [a] defendant must prove." *United States, for the Use and Benefit of Am. Civil Constr., LLC v. Hirani Eng'g & Land Surveying, PC*, 962 F.3d 587, 593 (D.C. Cir. 2020), citing *Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996) (internal quotation marks omitted).  As the Seventh Circuit has explained,

> [w]hen a defendant charges noncompliance with the statute of limitations, dismissal under Rule 12(b)(6) is irregular, for the statute of limitations is an affirmative defense.  Because complaints need not anticipate and attempt to plead around defenses, a motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.  In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations.

*Chicago Bld. Design P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (brackets, quotation marks, and citations omitted).  So here, the only question is whether the complaint is sufficient to state a claim as a matter of law.

The Copyright Act provides that civil actions for copyright infringement must be "commenced within three years after the claim accrued," 17 U.S.C. § 507(b).

Defendant contends that a claim accrues and the statute starts to run on the date of the alleged copyright infringement—here, on or about July 14, 2014—and therefore, the statute of

4

limitations expired in July of 2017, well before this suit was filed.  Mem. at 2.  Plaintiff takes the position that a claim does not accrue until the copyright owner has knowledge or is chargeable with knowledge of a copyright infringement.  Opp. at 2.

The parties' dispute reflects the two traditional approaches to statutes of limitations:  the injury rule and the discovery rule.  *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009).  Under the injury rule, "a cause of action accrues at the time of the injury."  *Id.*  Under the discovery rule, in a copyright case, a cause of action accrues "when one has knowledge of the infringement or is chargeable with such knowledge."  *Tech 7 Sys., Inc. v. Vacation Acquisition, Inc.*, 594 F. Supp. 2d 76, 83 (D.D.C. 2009), citing *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004); *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994).

"[E]very Circuit to have considered the issue of claim accrual in the context of infringement claims" follows the discovery rule.  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014).  While the DC Circuit has yet to address the question, the courts in this district that have applied the statute of limitations in the Copyright Act have also employed the discovery rule.  *See, e.g., Tech 7 Sys., Inc.*, 594 F. Supp. 2d at 83; *Williams v. Curington*, 662 F. Supp. 2d 33, 38 (D.D.C. 2009).  The Court agrees with the Third Circuit and the courts in this district that "use of the discovery rule comports with the text, structure, legislative history and underlying policies of the Copyright Act."  *Haughey*, 568 F.3d at 437.  For that reason, and given the unanimity of the

circuit court decisions and defendant's failure to offer any reasons why the injury rule is more appropriate in this context,[1] the Court will apply the discovery rule in this case.

Plaintiff has alleged that he did not have actual knowledge of the infringement until June 2, 2017, so in accordance with that rule, his complaint was timely unless he was "chargeable with such knowledge" on a previous date. *See, e.g.*, *Tech 7 Sys., Inc.*, 594 F. Supp. 2d at 83.

A plaintiff is "chargeable with such knowledge" if a reasonable person could have discovered the infringement with due diligence. *Williams*, 662 F. Supp. 2d at 39, citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004). In *Warren Freedenfeld Assocs., Inc. v. McTigue*, the First Circuit articulated this standard:

> Determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise . . . A plaintiff can be charged with inquiry notice, sufficient to start the limitations clock, once he possesses information fairly suggesting some reason to investigate whether he may have suffered an injury at the hands of a putative infringer . . . Typically, inquiry notice must be triggered by some event or series of events that comes to the attention of the aggrieved party.

531 F.3d 38, 44–45 (1st Cir. 2008) (brackets and internal citations omitted).

At this stage of the proceedings, though, the facts have not been discovered, and the only question is whether the allegations are sufficient to state a claim on their face. Defendant has not pointed to any allegations in the complaint that would establish that the plaintiff was on notice of a need to investigate the state of his copyright prior to the date he searched for his photograph online.

---

1    Defendant's two page memorandum in support of its motion does not supply any reasons or authority as to why the injury rule should apply; it simply assumes that the claim accrued on July 14, 2014. And defendant did not file a reply brief responding to plaintiff's invocation of the discovery rule.

Because the complaint states a claim that is timely on its face, the motion to dismiss will be **DENIED**.

**SO ORDERED.**

*Amy B Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: March 4, 2021